AO 91 (Rev. 11/11) Criminal Complaint

U.S. DISTRICT COURT - N.D. OF N.Y.
**FILED**
OCT 1 9 2023
AT _____ O'CLOCK _____
John M. Domurad, Clerk - Plattsburgh

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| v. ) | Case No.  8:23-MJ-594 (GLF) |
| PEREZ-Vazquez, Braulio ) | |
| ) | |
| Defendant. ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of October 17, 2023, in the county of Clinton in the Northern District of New York, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1325(a)(2) | The defendant, an alien and citizen of Mexico, unlawfully eluded examination and inspection by Immigration officials by entering the United States at a place not authorized for the entrance of immigrants. |

This criminal complaint is based on these facts:

☒   Continued on the attached sheet.

*Complainant's signature*

Jeffrey L. Havicon, Border Patrol Agent
*Printed name and title*

Attested to be the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: Oct. 19, 2023

*Judge's signature*

City and State:   Plattsburgh, NY          Hon. Gary L. Favro, U.S. Magistrate Judge

*United States of America v.* **PEREZ-Vazquez, Braulio**

On October 17, 2023, at approximately 10:00 a.m., a Swanton Sector Intel Unit (SIU) advised Champlain, NY Border Patrol Agents of a red Chevrolet Suburban bearing Ohio plate number KBN 9542) (the "vehicle") they suspected was in the area to conduct illicit activities. There has been a recent trend in alien smuggling organizations (ASO) from Ohio conducting their illicit activities in the Champlain, NY area. This ASO typically utilizes low valued vehicles in order to minimize the incurred loss if it was seized. SIU followed this vehicle to the Anchorage Motor Inn in Rouses Point, NY. This motel is a known pick-up location for people who have illegally entered from Canada into the United States. SIU watched the vehicle pull into the Anchorage Motor Inn. SIU also observed three people with back packs waiting in the parking lot. SIU watched these three people get inside the vehicle and drove back the same way on US Highway 11.

Champlain Border Patrol Agents ("BPAs") responded and located this vehicle. The agents stopped this vehicle in order to conduct an immigration inspection of the occupants. The agents approached the vehicle, identified themselves as United States BPAs, and questioned the occupants as to their citizenship. The driver (MATEO-Francisco, Augusto) claimed to be a Lawful Permanent Resident of the United States and national of Guatemala. As the agents interviewed MATEO, they noticed the other occupants were sitting very rigid, not moving, and staring straight forward. The front seat passenger (Later identified as SACARIAS-Lopez, Bartolo) claimed to be a citizen of Guatemala. The back seat passengers (Later identified as RGF (Minor Child) and DIEGO-Pascual, Efrain) both claimed to be citizens of Guatemala. The three passengers sitting on the third row (One later identified as PEREZ-Vazquez, Braulio, SVP, and MGH) all claimed to be citizens of Mexico. None of the passengers had any documents to be within the United States legally. MATEO and the six other passengers were placed under arrest and transported to the Champlain Border Patrol Station for further investigation and processing.

At the station, PEREZ's biographical information and fingerprints were entered into Department of Homeland Security databases. It was revealed that PEREZ, is a citizen of Mexico and did not have any previous immigration or criminal history within the United States. Record checks further revealed that PEREZ did not possess any immigration documentation to be within the United States legally.

PEREZ is a citizen of Mexico, and all citizens of Mexico are required to apply for a visa or other immigration documents before entering the United States. PEREZ illegally entered the United States at a place not designated as a port of entry and therefore he was not inspected nor admitted into the United States. Had PEREZ presented himself for inspection he would not have been admitted because he had not previously applied for a visa to enter the United States.